IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALCOLM COOMBS, et al.,

    Plaintiffs,

v.

RICHARD M. MUNOZ, et al.,

    Defendants.

                                       /

No. C 09-00192 JSW

**ORDER RE PENDING MOTIONS**

Now before the Court for consideration are the Motion to Enforce Settlement Agreement or, in the Alternative, for Summary Judgment as to Plaintiffs' Claims, or, in the Alternative a Motion to Stay the Proceedings and the Motion to Dismiss First Amended Complaint for Failure to Join a Necessary Party and Lack of Subject Matter Jurisdiction, filed by Defendants Richard M. Munoz, in his capacity as executor of the will of Rogan Mal Coombs, and Richard M. Munoz, in his individual capacity. The matter is ripe for submission and currently is set for oral argument on October 23, 2009. Having considered the parties' papers and for the reasons set forth herein, the Court HEREBY CONTINUES the hearing to December 4, 2009 at 9:00 a.m.

In his Motion to Enforce, Mr. Munoz contends that following two days of mediation before Jay Folberg, Esq. of JAMS, the parties, represented by counsel, reached a comprehensive settlement of: (1) this litigation; (2) a proceeding pending before the State Labor Commissioner; and (3) a proceeding pending in Humboldt County Superior Court captioned *Coombs Tree Farms, Inc., v. Munoz, et al.*, Case No. DR090142 (the "State Court litigation").

//

Mr. Munoz asks the Court to enforce the agreement and, in the alternative, asks the Court for summary judgment of Plaintiffs' claims on the basis that they have been released pursuant to the parties' settlement. Plaintiffs do not dispute the existence of the Settlement Agreement.[1] Rather, they oppose Mr. Munoz's Motion to Enforce on the basis that it should be rescinded based the fact that: (1) Mr. Munoz has breached the agreement; (2) the agreement an lacked a lawful object; and (3) the Plaintiffs' consent was given by mistake. Each of Plaintiffs' arguments is based on a provision of the Settlement Agreement which required Mr. Munoz to surrender a stock certificate representing 2,375 shares of Coombs Tree Farms, Inc. According to Mr. Munoz, the stock certificate has been lost.

The Stipulation of Settlement required that in exchange for the promises set forth therein, including the surrender of the stock certificate, the parties agreed to "forever discharge and release all claims and causes of action, whether now known or now unknown, which any of them has against any of the other parties in any of these claims and actions." (*See* Declaration of Frank R. Ubhaus in Support of Motion to Enforce, Ex. 1 ("Stipulation of Settlement"), ¶ 4.) The parties also "further agree[d] to sign, acknowledge and deliver the opposing party a standard from [*sic*] of a Release of all such claims and causes of action and to sign and deliver to each other a standard form of Dismissal with Prejudice of the actions." (*Id.*, ¶ 5.) The parties also stated that "[p]ayment of the stated settlement amount and delivery of the assignments referred to [in paragraphs 1 and 2] shall be made as soon as possible, but no later than 30 days from the date of this agreement." (*Id.*, ¶ 7.)

On reply, Mr. Munoz has submitted additional evidence and argument regarding the factual basis underlying Plaintiffs' claims of mutual mistake and which relates to his efforts to address the issue of the lost stock certificate. Accordingly, in order to provide Plaintiffs an

---

[1] In their joint case management statements, the parties did represent to the Court that they had reached a comprehensive settlement following mediation. (*See, e.g.,* Docket No. 18 at 1:24-2:3; Docket No. 21 at 6:3-11; Docket No. 25 at 7:20-27.) The parties also represented that it would take approximately 30 days to complete the settlement and later represented that certain issues had arisen regarding one object of the settlement. Until Mr. Munoz filed his motion, however, it was not clear to the Court that the parties had memorialized all material terms of the settlement in a written document following mediation. Thus, it was not clear to the Court whether the issues that arose related to performance or whether the issues related to a dispute over the terms to which the parties had agreed.

2

opportunity to respond to that evidence and argument, the Court HEREBY CONTINUES the hearings on these motions. Plaintiffs may submit a further response to Mr. Munoz's reply brief limited to the issue of mutual mistake by no later than October 30, 2009, and Mr. Munoz may file a further reply on that issue by no later than November 6, 2009. The parties' briefs shall not exceed seven (7) pages.

It is FURTHER ORDERED that the parties shall provide the Court with a joint status report of the State Court litigation by no later than October 30, 2009.

If the parties are able to come to a mutual agreement to resolve the issue of the stock certificate prior to the next hearing date, they shall immediately inform the Court in writing and shall file a notice of dismissal of this action by that date.

**IT IS SO ORDERED.**

Dated: October 20, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE