**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MALCOLM COOMBS, et al., | No. C 09-00192 JSW |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | |
| RICHARD M. MUNOZ, et al., | |
| Defendants. / | |

## INTRODUCTION

Now before the Court for consideration is the Motion to Enforce Settlement Agreement or, in the Alternative, for Summary Judgment as to Plaintiffs' Claims, or, in the Alternative a Motion to Stay the Proceedings filed by Defendants, Richard M. Munoz, in his capacity as executor of the will of Rogan Mal Coombs, and Richard M. Munoz, in his individual capacity. Having considered the parties' papers, including supplemental briefing ordered by this Court, and relevant legal authority, the Court finds the Motion to Enforce Settlement Agreement suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court denies that motion.

## BACKGROUND

**A.     Procedural History.**

On January 15, 2009, Plaintiffs, Malcolm Coombs ("Mal"), Judith Coombs Jones ("Judy"), and Barton Coombs ("Bart") (collectively "Plaintiffs") filed the Complaint in this

action.[1] In that Complaint, they alleged claims for Breach of Oral Contract and Breach of Implied in Fact Contract against Munoz, in his capacity as executor of the will of Rogan Mal Coombs ("Rogan"), a claim for Intentional Interference with Contractual Relations against Munoz, in his individual capacity, and a claim for Breach of Fiduciary Duty against Munoz in his capacity as executor and in his individual capacity.

On February 15, 2009, Munoz filed a claim for unpaid wages with the State Labor Commissioner, a dispute which arose out of Munoz' employment with Coombs Tree Farms, Inc. ("CTF") (the "Labor claim"). On February 23, 2009, CTF filed a complaint in Humboldt County Superior Court against Munoz (the "State Court litigation"). In the State Court litigation, CTF asserts claims against Munoz for anticipatory breach of contract, in his capacity as trustee for the Rogan Coombs Trust, for breach of fiduciary duty, in his capacity as executory of Rogan's will and in his individual capacity, for imposition of a constructive trust, in his capacity as executory of Rogan's will, and claims for declaratory relief in both his capacity as trustee of the Rogan Coombs Trust and his individual capacity. (*See* Docket No. 30 (Request for Judicial Notice in Support of Motion to Enforce Settlement Agreement ("RJN"), Ex. A, State Court Complaint).)[2]

Thereafter, the parties agreed to participate in a mediation in an effort to resolve the State Court litigation, the Labor claim, and this action, and the Court granted a stipulation extending Munoz' time to respond to the Complaint. (Docket No. 11.) On May 19 and May 20, 2009, the parties, represented by counsel, participated in a mediation session and reached a comprehensive settlement of all three pending proceedings. The parties memorialized their agreement in writing, the terms of which are set forth below. (Declaration of Frank R. Ubhaus ("Ubhaus Decl."), Ex. 1 (Settlement Agreement).)

On May 22, 2009, the parties filed a Joint Case Management Conference statement, in which they advised the Court of the settlement. (*See* Docket No. 18 (Joint Case Management

---

[1] The Court has used the Plaintiffs' shortened first names because that is how Plaintiffs chose to identify themselves in their papers.

[2] Munoz's request to take judicial notice of the complaint in the State Court litigation is GRANTED.

2

Conference Statement).) Because the parties represented that it would take thirty days to complete the settlement, the Court granted a stipulated request to a case management conference scheduled for June 12, 2009.

On July 10, 2009, the parties filed a further joint case management statement, in which they advised the Court that certain issues had arisen with respect to "one object" of the settlement and that they were engaged in further "settlement negotiations" in an effort to resolve that dispute. (*See* Docket No. 21 (Joint Case Management Statement at 6:4-10).) The Court continued the case management conference and ordered that, if the settlement broke down, the parties should notify the Court.[3] (Docket No. 23.) On August 5, 2009, the parties advised the Court that the additional settlement discussions had broken down, and, on August 21, 2009, the parties filed a further joint case management statement.

On August 24, 2009, the Court vacated the case management conference and ordered the parties to file certain threshold motions, "*e.g.,* a motion to amend, a motion to enforce the settlement agreement, or a motion to dismiss the Complaint," by September 4, 2009. (Docket No. 27 (Order Vacating Case Management Conference at 1:18-19).)

On September 3, 2009, Plaintiffs filed the First Amended Complaint ("FAC"), in which they allege claims for Breach of Oral Contract, Breach of Implied in Fact Contract, and Promissory Estoppel against Munoz, in his capacity as executor of Rogan's will, and claims for Constructive Fraud and Breach of Fiduciary Duty against Munoz in his capacity as executor and in his individual capacity. On September 4, 2009, Munoz filed his motion to enforce. Munoz also filed a similar motion in the State Court litigation, which has been denied. (*See* Docket No. 62 (Plaintiffs' Status Report re State Court Litigation).)

**B.  Factual Background.**

Mal, Judy, and Bart are Rogan's natural born children, and are shareholders in CTF. They each hold approximately 24% of CTF's total shares. (FAC ¶¶ 1, 9.) Munoz is the duly appointed and qualified acting executor of Rogan's will. (*Id.* ¶ 1.) Prior to his death, Rogan

---

[3] At that time, the parties had not advised the Court that the settlement had been memorialized in writing.

3

held approximately 26 % of CTF's total shares. In the original complaint, Plaintiffs alleged that those shares were held in a revocable trust. In the FAC, they allege that "the books and records of CTF reflect that [those shares] are registered in the name of Rogan Coombs." (*Compare* Compl. ¶ 9 *with* FAC ¶ 9.) Plaintiffs allege that Rogan promised them that he would transfer all of his shares in CTF to them upon his death. They also allege that, during his lifetime, Rogan induced them to forebear from making claims against certain property, to give up certain property, and to refrain from disposing of their shares in CTF by reiterating this promise. (FAC ¶ 14-15, 19-25).

As set forth above, in May 2009, the parties settled all three pending actions. Pursuant to the Settlement Agreement, CTF agreed to pay Munoz, in his capacity as trustee of the Rogan Coombs Trust, $75,000 and agreed to convey to Munoz, in that capacity, certain CTF properties. In turn, Munoz, in his capacity as trustee of the Rogan Coombs Trust, agreed to convey to CTF "any and all interest previously held by Rogan M. Coombs in the stock of [CTF] consisting of 2,735 shares and agree[d] to surrender the stock certificates representing these shares to" CTF. (Settlement Agreement, ¶¶ 1-2.) The Settlement Agreement also included a release of claims. (*Id.* ¶ 4.) The parties also "agree[d] to sign, acknowledge and deliver the opposing party a standard form of a Release of all such claims and causes of action and to sign and deliver to each other a standard form of Dismissal with Prejudice of the actions." (*Id.* ¶ 5.) Finally, the parties agreed that "[p]ayment of the stated settlement amounts and delivery of the assignments referred to herein shall be made as soon as possible, but no later than 30 days from the date of this agreement." (*Id.* ¶ 7.)

The Court shall address additional facts, as necessary, in the remainder of this Order.

## ANALYSIS

**A.     Applicable Legal Standards.**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1992) That power is limited to the enforcement of "*complete* settlement agreements." *Id.* (emphasis in

4

original). If material facts regarding the "*existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.* (emphasis in original).

The parties do not dispute the existence of or the terms of the Settlement Agreement. Rather, Munoz argues that the Court should enforce that agreement and dismiss this action. Plaintiffs, in turn, argue that the Settlement Agreement should be rescinded because: (1) Mr. Munoz has breached the agreement; (2) the agreement lacked a lawful object; and (3) the Plaintiffs' consent was given by mistake. Each of Plaintiffs' arguments is based on the provision of the Settlement Agreement which required Munoz to surrender the stock certificate representing Rogan's CTF shares within thirty days. According to Munoz, the stock certificate has been lost.

Under California law, "[a] party to a contract may rescind the contract ... [i]f the consent of the party rescinding was given by mistake...." Cal. Civ. Code § 1689(b)(1). A mistake of fact consists of "a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in ... [a] [b]elief in the present existence of a thing material to the contract, which does not exist." Cal. Civ. Code § 1577. In this case, all parties entered into the Settlement Agreement believing that the stock certificate representing Rogan's shares in CTF had been assigned to the Rogan Coombs Trust and that Munoz could transfer that stock to Plaintiffs within the thirty-day time frame set forth in paragraph 7 of the Settlement Agreement. It is now evident from the record that there is a dispute as to who owned the stock at the time the parties entered into that agreement and this dispute has prevented the parties from concluding the settlement within the required thirty days. The Court, therefore, concludes that the parties' consent was obtained via a mutual mistake. The Court also finds that this mutual mistake does not pertain to a collateral matter of the parties' agreement, because with the exception of the mutual releases, the CTF shares are the only form of consideration Munoz provided to Plaintiffs as part of the settlement. For that reason, finds Munoz' reliance on *Vickerson v. Frey*, 100 Cal. App. 2d 621 (1950) to be inapposite, and concludes that the Settlement Agreement should be rescinded. Accordingly, the motion to enforce is DENIED.

**CONCLUSION**

For the foregoing reasons, Munoz' motion to enforce the agreement is DENIED.[4] The Court recognizes that there is a strong degree of mistrust among the parties. However it concurs with Judge Hinrichs' opinion that the parties would benefit from a further attempt to reach a global resolution of their pending matters in order to avoid substantial litigation and would urge them to continue to attempt to reach a mutually agreeable resolution of this dispute. In the interim, pending further order of the Court, the Defendants' Motion to Dismiss the First Amended Complaint remains on calendar on March 5, 2010.

**IT IS SO ORDERED.**

Dated: March 1, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] Munoz also sought a stay of this litigation pending a decision from the State court on his motion to enforce. The State Court has denied that motion. Accordingly, Munoz's motion to stay is denied as moot. Munoz also asked the Court to grant summary judgment on Plaintiffs' claims based on the release set forth in the Settlement Agreement. Because the Court concludes that the Settlement Agreement cannot be enforced, that motion is DENIED.

6