**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM COOMBS, et al., | No. C 09-00192 JSW |
| Plaintiffs, | **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| RICHARD M. MUNOZ, et al., | |
| Defendants. | |

## INTRODUCTION

Now before the Court for consideration is the Motion to Dismiss First Amended Complaint for Failure to Join a Necessary Party and Lack of Subject Matter Jurisdiction filed by Richard M. Munoz, in his capacity as executor of the will of Rogan Mal Coombs and in his individual capacity (hereinafter "Munoz"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds this matter suitable for disposition without oral argument and VACATES the hearing set for March 5, 2010. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court DENIES Munoz's motion.

## BACKGROUND

Plaintiffs, Malcolm Coombs ("Mal"), Judith Coombs Jones ("Judy"), and Barton Coombs ("Bart") (collectively "Plaintiffs"), are the natural born children of Rogan Mal Coombs ("Rogan").[1] Munoz is the duly appointed and qualified acting executor of Rogan's will. (FAC

---

[1] The Court has used the Plaintiffs' shortened first names because that is how Plaintiffs chose to identify themselves in their papers.

¶ 1.) Mac, Judy, and Bart each hold approximately 24 % of CTF's total shares. (FAC ¶¶ 9.) Prior to his death, Rogan held approximately 26 % of CTF's total shares.[2]

Plaintiffs' claims are premised upon their allegations that Rogan promised that he would transfer all of his shares in CTF to them upon his death. Plaintiff also allege that, during the course of his life, Rogan reiterated this promise in order to prevent them from asserting claims against certain property, to induce them to give up certain property, and to prevent them from disposing of their shares in CTF. (FAC ¶¶ 14-15, 19-25). Plaintiffs also allege that Rogan and Munoz concealed from Plaintiffs acts of self-dealing that impacted CTF's financial affairs. Plaintiffs claim that had they known about these acts of self-dealing, they would have terminated Rogan's employment with CTF and paid themselves salaries. (*Id.* ¶¶ 35-37, 62-63, 66-67.) Finally, Plaintiffs allege that, upon Rogan's death, they learned for the first time that Rogan had changed his will and executed a restatement of his Trust to leave his shares in CTF exclusively to Munoz. Munoz also advised Plaintiffs that Rogan had formally adopted him in February 2007 (*Id.* ¶¶ 33-34.)

On January 15, 2009, Plaintiffs filed the original complaint in this Court, which asserted claims against Munoz for Breach of Oral Contract, Breach of Implied in Fact Contract, Intentional Interference with Contractual Relations, and Breach of Fiduciary Duty.

On February 23, 2009, CTF filed the State Court litigation, and it asserted claims against Munoz for Anticipatory Breach of Contract, Breach of Contract, Breach of Fiduciary Duty, Imposition of a Constructive Trust, and Declaratory Relief. (*Id.*)

---

[2] In their original complaint in this action, Plaintiffs alleged that Rogan's shares were held in a revocable trust. (Compl. ¶ 9.) CTF made similar allegations in a related case that is pending in Humboldt County Superior Court, *Coombs Tree Farms, Inc. v. Munoz*, No. DR090142 (the "State Court litigation"). (*See* Request for Judicial Notice, Ex. A (State Complaint ¶ 39 ("Rogan's "shares in CTF have been and are currently registered in CTF's books and records in the name of the Trust.").) However, in the FAC, Plaintiffs now allege that "the books and records of CTF reflect that [Rogan's shares] are registered in the name of Rogan Coombs." (FAC ¶ 9.) It is not clear whether CTF has amended the State Complaint to reflect this purported change in factual circumstances.

On September 3, 2009, Plaintiffs filed the First Amended Complaint ("FAC"), in which they assert claims for Breach of Oral Contract, Breach of Implied in Fact Contract, Promissory Estoppel, Constructive Fraud and Breach of Fiduciary Duty.

**ANALYSIS**

Munoz brings his motion to dismiss pursuant to Rule 12(b)(7), which permits dismissal for failure to join a party pursuant to Rule 19. According to Munoz, CTF is a necessary and indispensable party, CTF should be joined as a plaintiff, and the matter should be dismissed because joining CTF would divest this Court of subject matter jurisdiction.

In order to determine whether dismissal is appropriate, the Court engages in "three successive inquiries." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody Western*"). First, the district court must determine whether the absent party is a "required" party. *Id.*; *see also* Fed. R. Civ. P. 19(a). A party is "required" in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action such that (i) disposition of the action may "impair or impede" the person's ability to protect that interest or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a); *Peabody Western*, 400 F.3d at 779. If the absent party is "required," the court must determine whether joinder is feasible. *Peabody Western*, 400 F.3d at 779. Pursuant to Rule 19(a), joinder is not "feasible" when: (1) venue is improper; (2) the absentee party is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction. *See id.*

If the absent party is necessary and joinder is not feasible, the Court must then determine whether in "equity and good conscience" the action can continue without the absent party. *Id.* at 780; Fed. R. Civ. P. 19(b). To make the indispensability determination, the court balances four factors: (1) prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum. *Quileute Indian Tribe v. Babbitt,* 18 F.3d 1456, 1460 (9th Cir. 1994); *see also* Rule 19(b).

3

The moving party has the burden of proving that dismissal is warranted. *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir. 1992). The inquiry is a fact-specific one, designed to avoid the harsh results of rigid application. *Dawavendewa v. Salt River Project Agricultural Improvement and Power District*, 276 F.3d 1150, 1154-55 (9th Cir. 2002) (citing *Confederated Tribes v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991)).

Munoz argues that CTF is a necessary party because it has a legally protected interest the disposition of Rogan's CTF shares and, in light of that interest, Munoz faces a risk of multiple or inconsistent obligations. This argument is premised on the pending State Court litigation, in which CTF asserts that it is entitled to Rogan's shares in CTF. With respect to Plaintiffs first three claims for relief, CTF is not a party to the alleged contracts that form the basis of those claims and thus has no legally protected interest in those claims. Moreover, Plaintiffs seek damages rather than return of Rogan's CTF's shares. Similarly, with respect to the fourth and fifth claims for relief, Plaintiffs seek relief for damages that they, rather than CTF, allegedly incurred. Therefore, the Court concludes that it can accord the existing parties complete relief.

In addition, "'inconsistent obligations,' are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Cachil Dehe Bend of Wintun Indians of the Colusa Indian Community v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)).

As set forth above, CTF is not a party to the alleged contract between Rogan and the Plaintiffs, and Plaintiffs' fourth and fifth claims for relief are premised upon alleged injuries that are unique to them. The Court concludes that Munoz has not met his burden to show that he would be subject to inconsistent obligations if CTF is not joined, *i.e.* that he would be unable to comply with an Order from this Court without breaching an order issued by the State Court.

As such, Munoz has not met his burden to show that CTF is a required party, and his motion is DENIED.

## CONCLUSION

For the foregoing reasons, Munoz's Motion to Dismiss is DENIED. The parties shall appear for a further case management conference on Friday, April 23, 2010 at 1:30 p.m. The parties' joint case management conference statement shall be filed by no later than Friday, April 16, 2010.

**IT IS SO ORDERED.**

Dated: March 3, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE