**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM COOMBS, et al., | No. C 09-00192 JSW |
| Plaintiffs, | **ORDER RESOLVING MOTIONS TO DISMISS** |
| v. | |
| RICHARD M. MUNOZ, et al., | |
| Defendants. / | |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Dismiss filed by Defendant Richard Daly, Inc., A.P.C. ("Daly") (Docket No. 94), and the Motion to Dismiss filed by Scott H. Guild and Aalfs, Evans & Company ("Accountant Defendants") (Docket No. 98). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds this matter suitable for disposition without oral argument and VACATES the hearing set for June 24, 2011. *See* N.D. Civ. L.R. 7-1(b).

For the reasons set forth in the remainder of this Order, the Court GRANTS Daly's motion to dismiss for failure to join an indispensable party, and dismisses the Second Amended Complaint. In light of that ruling, the Court need not address the Accountant Defendants' motion.

## BACKGROUND

Plaintiffs, Malcolm Coombs ("Mal"), Judith Coombs Jones ("Judy"), and Barton Coombs ("Bart") (collectively "Plaintiffs"), are the natural born children of Rogan Mal Coombs

("Rogan").[1] Coombs Tree Farms, Inc. ("CTF"), which is not a party to this case, owns approximately 12,000 acres of land in Humboldt, Mendocino and Shasta Counties and is engaged in the harvesting and planting of trees to ensure a steady supply of merchantable timber. Mac, Judy, and Bart each hold approximately 24 % total shares in Coombs Tree Farms, Inc. ("CTF"). (Second Amended Complaint ("SAC") ¶¶ 13-14.) Prior to his death, Rogan held approximately 26 % of CTF's total shares. (*Id.* ¶ 14.)

According to Plaintiffs, between 1982 and 1993, "an from time to time thereafter, Daly was one of the attorneys for CTF and Rogan." (*Id.* ¶ 18.) Plaintiffs also allege that between 1984 and 2006 Daly was an attorney for the Hillside Development Company ("Hillside") (*Id.*) Plaintiffs allege that, in 1984, Rogan decided to develop a parcel of real property in Arcata, California into residential properties. Daly is alleged to have prepared an Agreement of Limited Partnership between the "Coombs Hillside Trust" and the McMillan Hillside Trust to form Hillside, the purpose of which was to develop the Arcata property. (*Id.* ¶ 27.) Daly also is alleged to have prepared the Coombs Hillside Trust, which was executed in 1984 (the "1984 Coombs Hillside Trust"). (*Id.* ¶ 28, Ex. A (1984 Coombs Hillside Trust.)

Rogan and the Plaintiffs are identified as the beneficiaries of the 1984 Coombs Hillside Trust, the sole asset of which is the partnership interest in Hillside. (*Id.* at Schedules B-D.) The 1984 Coombs Hillside Trust "provided that it could only be altered, amended or revoked by the 'Current Income Beneficiary and only to the extent of that beneficiary's own respective share of the trust income and principal.' It also provided that the trust would terminate on April 13, 1994, and that all the assets would be distributed to Rogan" and the Plaintiffs on that date. (*Id.* at 1-2.)

Plaintiffs further allege that "[s]ubsequent to the execution of the 1984 Coombs Hillside Trust but before September 8, 1998, Rogan, with Daly's advice, encouragement, and assistance, attempted to unilaterally revoke *ab initio* the 1984 Coombs Hillside Trust.... ... Daly stamped the trust instrument 'VOID' and marked it 'Signed by Mistake' and Rogan and Daly placed

---

[1] The Court has used the Plaintiffs' shortened first names because that is how Plaintiffs chose to identify themselves in their papers.

2

1  their signatures beside these markings." (*Id.* ¶ 31.) Plaintiffs allege that Rogan did not inform
2  them of any of these events or of the terms of the 1984 Coombs Hillside Trust, and that Rogan
3  and Daly then prepared a 1998 Coombs Hillside Trust, which named Rogan as the income and
4  principal beneficiary. (*Id.* ¶ 31, 109.)

5  In their Sixth Claim for Relief, Plaintiffs allege that Rogan breached his duties under the
6  1984 Coombs Hillside Trust either by "misappropriating for his own personal advantage profits
7  from the sale of lots in the Arcata subdivision, which should have been distributed to the 1984
8  Coombs Hillside Trust, as a Hillside partner, and then as income to the beneficiaries of the trust
9  in equal shares," or by distributing solely to himself any profits that the 1984 Coombs Hillside
10 Trust did receive to the exclusion of Plaintiffs. (*Id.* ¶¶ 32-33, 98-99.) In the Seventh Claim for
11 Relief, Plaintiffs allege that Daly knew of the terms of the 1984 Coombs Hillside Trust and
12 aided and abetted Rogan's breach of the 1984 Coombs Hillside Trust by assisting Rogan in his
13 attempts to unilaterally revoke it in favor of the 1998 Coombs Hillside Trust.

14 The Court addresses specific additional facts, as necessary, in the remainder of this
15 Order.

## ANALYSIS

17 Daly raises three arguments in support of his motion to dismiss. Because the Court
18 finds his argument that CTF is an indispensable party to be dispositive, the Court does not
19 address his alternative arguments Plaintiffs failed to comply with California Code of Civil
20 Procedure § 1714.10 and that Plaintiffs' allegations are insufficient to state a claim for aiding
21 and abetting Rogan's alleged breach of trust.

**A.     The Court Grants Daly's Request for Judicial Notice.**

23 Daly asks the Court to take judicial notice of the Second Amended Complaint filed in in
24 *Coombs Tree Farms, Inc. v. Munoz*, et al., Case No. DR90142, which is pending in the Superior
25 Court of the State of California, County of Humboldt, in which CTF has brought similar claims
26 against Daly and the Accountant Defendants. (*See* Daly's Request for Judicial Notice, Ex. A
27 (CTF Second Amended Complaint ("CTF SAC"), ¶¶ 19-20, 28-33, 45, 88-101).) The Court
28 GRANTS Daly's request to take judicial notice of the Second Amended Complaint in the state

3

1  court action. *See Nielson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal.
2  2003).

**B.     Daly's Motion to Dismiss For Failure to Join and Indispensable Party is Granted.**

Daly moves to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join CTF, which it argues is an indispensable party under Rule 19. Although the Court previously denied a similar motion filed by Defendant Munoz, the Court finds the circumstances raised by Daly's motion compel a different result. Accordingly, the Court GRANTS Daly's motion on this basis and dismisses this action.

In order to determine whether dismissal is appropriate under Rule 19, the Court engages in "three successive inquiries." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody Western*"). First, the district court must determine whether the absent party is a "required" party. *Id.*; *see also* Fed. R. Civ. P. 19(a). A party is "required" in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action such that (i) disposition of the action may "impair or impede" the person's ability to protect that interest or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a); *see also Peabody Western*, 400 F.3d at 779.

The Ninth Circuit has held that "'inconsistent obligations,' are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Cachil Dehe Bend of Wintun Indians of the Colusa Indian Community v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). "Moreover, where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double

4

1  liability because separate suits have different consequences and different measures of
2  damages." *Delgado*, 1 F.3d at 3.

3        Daly argues that CTF is a required party because Plaintiffs, in this case, and CTF, in the
4  state court action, contend that they each are entitled to the same profits Hillside should have
5  received from the Arcata subdivision. Daly argues that if Plaintiffs are entitled to the profits,
6  then CTF is not, and *vice versa*. Thus, according to Daly the "multiple liability" clause of Rule
7  19(b) compels joinder of CTF and, because CTF is non-diverse, joinder is not feasible.
8  Plaintiffs, in response, argue that Daly is not subject to the possibility of double damages or
9  multiple liability because their claims are limited to the time period between 1984 and 1994,
10 when the 1984 Coombs Hillside Trust terminated, whereas CTF only seeks damages from 1994
11 onward. Plaintiffs also argue that they and CTF have separate claims based on different
12 theories of recovery. (*See* Opp. Br. at 13:3-9.) The flaw in the former argument is that neither
13 Plaintiffs nor CTF have limited their claims to Hillside profits to a specific time period.
14 (*Compare* SAC ¶¶ 27-33, 41, 55, 96-104, 105, 108-109 *with* CTF SAC ¶¶ 28-31, 45, 88-101).
15 The flaw in the latter argument is that Plaintiffs' argument elevates form over substance. The
16 crux of the claims against Daly in both actions is that he is alleged to have assisted Rogan in
17 misappropriating the same funds to which CTF and Plaintiffs claim they are entitled. Thus, this
18 is not a case where Plaintiffs and CTF do, in fact, have separate claims based on different
19 theories of recovery. As such, Daly has demonstrated that CTF is a "required" party.

20       The Court next determines whether joinder is feasible. *Peabody Western*, 400 F.3d at
21 779. Pursuant to Rule 19(a), joinder is not "feasible" when, *inter alia*, when joinder would
22 destroy subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 19(a)(1). CTF is a California
23 corporation, and the named defendants also are California residents. Thus, if CTF is joined as a
24 party, the parties would no longer be completely diverse, and the Court would be deprived of
25 subject matter jurisdiction. Therefore, joining CTF is not feasible.

26       Where, as here, CTF is "required" and joinder is not feasible, the Court must determine
27 whether in "equity and good conscience" the *action* can continue without the absent party. *Id.*
28 at 780; Fed. R. Civ. P. 19(b). To make the indispensability determination, the Court balances

four factors: (1) prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum. *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir. 1994); *see also* Rule 19(b). The moving party has the burden of proving that dismissal is warranted. *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir. 1992). The inquiry is a fact-specific one, designed to avoid the harsh results of rigid application. *Dawavendewa v. Salt River Project Agricultural Improvement and Power District*, 276 F.3d 1150, 1154-55 (9th Cir. 2002) (citing *Confederated Tribes v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991)).

It is clear that Plaintiffs have an adequate alternative forum and could assert these claims in state court. Similarly, although Plaintiffs have argued in their brief that their claims are limited to the period between 1984 and 1994, and argue that CTF limits its claims to the period 1994 onward, the CTF Complaint, which is verified, does not limit CTF's claims to a particular time period. Thus, the Court concludes that, on these facts, CTF would be prejudiced if this case proceeded without it. Finally, the Court is not persuaded that CTF's interests could be protected by "shaping the relief awarded to Plaintiffs," in light of the fact that Plaintiffs and CTF have raised competing claims to the same funds. Because these three factors all weigh in favor of a finding that CTF is indispensable, the Court concludes that "in equity and good conscience" this action should be dismissed.

## CONCLUSION

For the foregoing reasons, Daly's motion to dismiss is granted, and this case shall be dismissed. The Court's ruling is without prejudice to Plaintiffs pursuing their claims in state court. A separate judgment shall issue, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 22, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6